IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| **BETTY J. PHILLIPS,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Civil Action No. _____ |
| ) | |
| ) | Jury Trial Demanded |
| **BUDZIK & DYNIA, LLC,** ) | |
| ) | |
| **Defendants.** ) | |

## COMPLAINT

### JURISDICTION AND VENUE

1. Jurisdiction of this Court arises under **28 U.S.C. § 1331** and pursuant to **15 U.S.C. § 1692k(d).**

2. This action arises out of Defendant's numerous and multiple violations of the **Fair Debt Collection Practices Act**, **15 U.S.C. §§ 1692 et seq.** ("FDCPA"), in their illegal efforts to collect a consumer debt from Plaintiff.

3. Venue is proper in this District because the acts and transactions occurred here and Plaintiff resides here.

### PARTIES

4. Plaintiff Betty J. Phillips (hereinafter "Plaintiff") is a natural person who resides in Sullivan County, Tennessee, and a "consumer" as that term is defined by **15 U.S.C. § 1692a(3)**.

5. Defendant Budzik & Dynia, LLC. (hereinafter "Defendant Budzik & Dynia") is a law firm and is a "debt collector" as that term is defined by **15 U.S.C. § 1692a(6)**, and can be

served through its registered agent as follows: C T Corporation System, 800 S. Gay Street, Suite 2021, Knoxville, TN 37929-9710.

## FACTUAL ALLEGATIONS

6. Defendant Budzik & Dynia has alleged that Plaintiff incurred an obligation to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family or household purposes, and is therefore a "debt" as that term is defined by **15 U.S.C. § 1692a(5)**, namely, a credit card debt originally owned by FIA Cards Services, N.A. (hereinafter "FIA").

7. Sometime prior to April 13, 2011, Plaintiff's debt was consigned, sold or otherwise transferred to Defendant Budzik & Dynia for collection from Plaintiff.

*Collection Letter dated April 13, 2011*

8. Within one year prior to the filing of this present Complaint, on or about April 13, 2011, Defendant Budzik & Dynia sent a collection letter to Plaintiff dated April 13, 2011. A copy of the April 13, 2011 collection letter is filed as Exhibit 1 to this Complaint.

9. The April 13, 2011 collection letter from Defendant Budzik & Dynia was a "communication" as that term is defined by **15 U.S.C. § 1692a(2)**, and was made in connection with collection of a debt and in an attempt to collect a debt.

10. The April 13, 2011 collection letter was the "initial communication" with Plaintiff in connection with the collection of the debt.

11. The April 13, 2011 collection letter from Defendant Budzik & Dynia shows the name: Budzik & Dynia, LLC, Attorneys at Law on their letterhead.

12. The April 13, 2011 collection letter stated that (a) the current creditor on the account was FIA Card Services, N.A.; (b) Original Credit was FIA Card Services, N.A.; (c) Original Account# XXXXXXXXXXXX59 (redacted) and (d) Total Amount Due: $8,118.77.

13. The April 13, 2011 collection letter further stated that:

> "Your Account has been placed with our office to seek a voluntary resolution with you for the Total Amount due on your account. Accordingly, if you want to resolve this matter, we are offering a **limited time opportunity** for you to resolve the debt (unless it has already been paid). If you cannot pay the amount due today, please call us at 1-800-322-1295 to discuss this further arrangements."
>
> . . . .
>
> "Please note that as your account has been placed with us to seek a voluntary resolution, no attorney with this firm has personally reviewed the particular circumstances of your account at this time. However, if you fail to contact this office and such a voluntary resolution is not reached, our client will remove this account from our office and may consider additional remedies to recover the outstanding debt."
>
> . . . .
>
> "Federal law provides that if you do not provide us with a statement that you dispute the validity of this debt, or any portion thereof, within thirty days of the receipt of this letter, we may assume that such debt is valid. If you do dispute it by notifying us in writing to that effect, we will, as required by law, obtain verification of the debt or any related judgment against you, and mail such documentation to you. And, if within the same period, you request in writing the name and address of your original creditor, if the original creditor is different from the current creditor, we will furnish you with that information too."
>
> . . . .
>
> The law does not require our client to wait until the end of the thirty day period before pursuing their contractual

3

> rights against you to collect this debt. If, however, you
> request proof of the debt or the name and address of the
> original creditor within the thirty-day period that, the law
> requires our firm to suspend our efforts to collect the debt
> until we mail the requested information to you."
>
> . . . .
>
> "Our client may provided information to credit bureaus
> about an insolvency, delinquency, late payment, or
> default in your account to include your credit report
> as allowed by law."
>
> "**This is an attempt to collect a debt. Any information
> obtained will be sued for that purpose. This communication
> is from a debt collector**." (Bold in original)

14. The April 13, 2011 collection letter was not signed.

15. Defendant Budzik & Dynia's April 13, 2011 collection letter does not provide Plaintiff with an accurate statement as to the amount of the debt which Defendant Budzik & Dynia was attempting to collect as required by **15 U.S.C. § 1692g(a)(1)**.

16. Defendant Budzik & Dynia's April 13, 2011 collection letter failed to correctly state the amount of the debt as required by **15 U.S.C. § 1692g(a)(1)** because it did not disclose the fact that interest is accruing and inform the Plaintiff of the applicable interest rate. **See Miller v. McCalla, Raymer, Padrick, Cobb, Nichols & Clark, LLC, 214 F.3d 872 (7th Cir. 2000).**

17. Within five (5) days after the "initial communication" with Plaintiff in connection with collection of the debt in the form of the April 13, 2011 letter, and within one year prior to the filing of this complaint, Defendant Budzik & Dynia failed to send Plaintiff a written notice that disclosed the amount of the debt, in violation of **15 U.S.C. § 1692g(a)(1)**.

18. By failing to send Plaintiff a written notice containing the amount of the debt within five (5) days after the "initial communication," Defendant Budzik & Dynia violated **15 U.S.C. § 1692g(a)(1)**.

19. On information and belief, Defendant Budzik & Dynia failed to maintain (i.e., actually employ or implement) procedures to avoid errors under the FDCPA.

20. On information and belief, Defendant Budzik & Dynia failed to maintain procedures reasonably adapted to avoid failing to send Plaintiff a written notice containing the amount of the debt within five (5) days after the "initial communication."

*Collection Service Licensing*

21. "Collection service" means any person that engages in, or attempts to engage in, the collection of delinquent accounts, bills, or other forms of indebtedness **<u>irrespective of whether the person engaging in or attempting to engage in collection activity has received the indebtedness by assignment or whether the indebtedness was purchased by the person engaging in, or attempting to engage in, the collection activity.</u> Tenn. Code Ann. § 62-20-102(3)**. (emphasis added)

22. No person shall commence, conduct, or operate any collection service business in this state unless such person holds a valid collection service license issued by the [Collection Service] board under this chapter, or prior state law. **Tenn. Code Ann. § 62-20-105(a).**

23. As of the date of the April 13, 2011 collection letter against Plaintiff, Defendant Budzik & Dynia had not applied for or been issued a valid collection service license by the Tennessee Collection Service Board that is necessary for a collection service to legally collect debts in Tennessee.

24. Any procedures maintained (i.e., actually employed or implemented) by Defendant Budzik & Dynia to avoid errors under the FDCPA were not reasonably adapted to avoid using false, deceptive, or misleading representations and means in connection with collection of debts or attempts to collect debts from Tennessee consumers that they received by assignment and/or purchase by failing to be licensed as a collection service by the Tennessee Collection Service Board prior to filing the collection lawsuit against Plaintiff in an attempt to collect the debt.

25. Any procedures maintained (i.e., actually employed or implemented) by Defendant Budzik & Dynia to avoid errors under the FDCPA were not reasonably adapted to avoid threatening to take any action that cannot legally be taken by failing to be licensed as a collection service by the Tennessee Collection Service Board prior to filing the collection lawsuit against Plaintiff in an attempt to collect the debt.

26. Any procedures maintained (i.e., actually employed or implemented) by Defendant Budzik & Dynia to avoid errors under the FDCPA were not reasonably adapted to avoid using unfair or unconscionable means to collect or attempt to collect debts from Tennessee consumers by failing to be licensed as a collection service by the Tennessee Collection Service Board prior to filing the collection lawsuit against Plaintiff in an attempt to collect the debt.

27. By attempting to collect the debt from Plaintiff at a time when Defendant Budzik & Dynia was not licensed as a collection service by the Tennessee Collection Service Board, Defendant FIA violated **15 U.S.C. §§ 1692e, 1692e(5), 1692e(10)**, and **1692f**. See, _LeBlanc v. Unifund CCR Partners_, 601 F.3d 1185, 1190 fn. 9 (11th Cir. 2010) ("See, e.g., _Sibley v. Firstcollect, Inc.,_ 913 F.Supp. 469, 471 (M.D.La. 1995); _Russey v._

*Rankin*, **911 F. Supp. 1449, 1459 (D.N.M. 1995)** (attempting to collect a debt without first registering as a debt collector as required by New Mexico statute violates the FDCPA); **Kuhn v. Account Control Tech, Inc.**, **865 F. Supp. 1443, 1451-52 (D.Nev. 1994)** (finding failure to register as a debt collector under Nevada law violated **15 U.S.C. § 1692f**); **Gaetano v. Payco of Wisc. Inc.**, **774 F.Supp. 1404, 1414-15 n. 8 (D.Conn.1990)** (finding failure to register as a debt collector in Connecticut violated the FDCPA because not registering 'deprived the plaintiff of her right as a consumer debtor residing within the state to have the Defendant's qualifications as a collection agency reviewed by state authorities.'"); Also, see, **Bradshaw v. Hilco Receivables, LLC, No. RBD-10-113, 2011 WL 652476, at *10 (Feb. 23, 2011 D. Md.)**.

### *Summary*

28. The above-detailed conduct by Defendant Budzik & Dynia in connection with collection of the debt, was conduct in violation of numerous and multiple provisions of the FDCPA including, but not limited to the above-cited provisions of the FDCPA.

### TRIAL BY JURY

29. Plaintiff is entitled to and hereby respectfully demands a trial by jury. U.S. Const. Amend. 7; Fed.R.Civ.P. 38.

### CAUSES OF ACTION

### COUNT I.

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. §§ 1692 *et seq.*

30. Plaintiff incorporates by reference all of the above paragraphs as though fully stated herein.

31. The foregoing acts and omissions of Defendant Budzik & Dynia constitute numerous and multiple violations of the FDCPA including, but not limited to each and every one of the above-cited provisions of the FDCPA, **15 U.S.C. §§ 1692 *et seq.***, with respect to Plaintiff.

32. As a result of Defendant Budzik & Dynia's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to **15 U.S.C. § 1692k(a)(1)**, in an amount to be determined at trial by a jury; statutory damages in the amount of $1,000.00 pursuant to **15 U.S.C. § 1692k(a)(2)(A)**; and, reasonable attorney's fees and costs pursuant to **15 U.S.C. § 1692k(a)(3)** from Defendant Budzik & Dynia.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant Budzik & Dynia:

## COUNT I.
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692 et seq.

- for an award of actual damages pursuant to **15 U.S.C. § 1692k(a)(1)** against Defendant Budzik & Dynia in an amount to be determined at trial by a jury;

- for an award of statutory damages of $1,000.00 pursuant to **15 U.S.C. §1692k(a)(2)(A)** against Defendant Budzik & Dynia;

- for an award of costs of litigation and reasonable attorney's fees pursuant to **15 U.S.C. § 1692k(a)(3)** against Defendant Budzik & Dynia; and

- for such other and further relief as may be just and proper.

04/13/12                                    Respectfully submitted on behalf of,

                                                    **BETTY J. PHILLIPS**

                                               /s/ Everett H. Mechem
                                              **Everett H. Mechem, Attorney for Plaintiff**
                                              BPR #011854
                                              Mechem Law Firm, P.C.
                                              220 Broad Street, Suite 206
                                              Kingsport, TN 37660
                                              Telephone: (423) 207-1300
                                              Facsimile:  (423) 370-1717
                                              everett@mechemlaw.com